IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| TINNA BELDIN, § | |
| § | |
| Plaintiff, § | A02CA 572SS |
| § | CAUSE NO. _____ |
| v. § | |
| § | |
| TRAVIS COUNTY, AND § | |
| STEPHEN L. WILLIAMS, § | |
| IN HIS OFFICIAL CAPACITY § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tinna Beldin ("Beldin" or "Plaintiff"), hereby files this, her Original Complaint, against Defendant Travis County and Defendant Stephen L. Williams, in his official capacity (collectively referred to as "Defendants"), for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Tinna Beldin ("Beldin") is currently a citizen and resident of Rockville, Montgomery County, Maryland.

2.   Defendant Travis County ("Travis County"), is a public agency in Travis County, Texas. Travis County's main offices are located at 314 West 11th St., Austin, Texas, 78701. Travis County can be served by and through The Honorable Samuel T. Biscoe, County Judge, Travis County, 314 West 11th St., #520, Austin, Texas, 78701.

3. Defendant Stephen L. Williams ("Williams") is the Executive Manager of Travis County's Health and Human Services Department, and he is a resident of Travis County. He can be served at Travis County's offices located at 100 North I.H. 35, Austin, Texas, 78701.

4. Most of the acts alleged herein occurred in Travis County, Texas.

5. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## II.   FACTUAL BACKGROUND

6. Beldin's mother, Sally Decker, was employed by Travis County as a CPS Caseworker.

7. At the time of Sally Decker's employment with Travis County, Williams was the Executive Manager of Travis County. Travis County employs more than 500 persons.

8. At all times while employed by Travis County, Sally Decker had a known physical limitation – in that she is legally blind. Travis County was aware of this limitation. Despite Decker's disability, she was otherwise qualified in that she could have performed all the essential functions of her position with reasonable accommodations.

9. Instead of providing the reasonable accommodations, Beldin came to work at Travis County to help Decker catch up on her work. This was done with the full knowledge and consent of Defendants. Although Beldin worked hundreds of hours for Travis County in the last two (2) years to help Decker catch up on her work, (with the full knowledge of Defendants), Travis County failed to pay Beldin for this work.

## III.  CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT VIOLATION BY BOTH DEFENDANTS

10. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the FLSA.

12. Travis County is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

13. Williams is an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

14. While Beldin was employed by Furr's, she was an "employee" as defined by the FLSA in 29 U.S.C. § 203(e)(1).

15. Travis County is an "enterprise" within the meaning of 29 U.S.C. § 203(r), and an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

16. While working for the benefit of Travis County, Beldin was entitled to payment of wages from Defendants, as provided for under the FLSA. Defendants failed to provide such wage payment.

17. Defendants failed to properly log Beldin's work hours, or pay for all hours worked. As a result, during the last two years, and prior to that time, Beldin worked hundreds of hours for which she was not properly compensated. For purposes of the FLSA, while employed by Travis County, Beldin was not considered to be excluded from payment for hours worked.

18. As a result of Defendants' violations of the FLSA, Beldin has suffered actual damages in the form of lost wages, in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.

19. Defendants committed a willful violation of the FLSA.

20. Defendants failed to maintain accurate records of the hours worked of Beldin; thus, Defendants violated 29 U.S.C. § 211(c).

21. As a result of these violations, Beldin requests that she be awarded all damages, to which she is entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Beldin requests liquidated damages equal to the amount of reimbursable compensation described above. Beldin also requests any additional equitable relief to which she is entitled.

22. Beldin also requests reasonable attorney's fees and court costs.

## IV.   JURY DEMAND

Beldin requests trial by jury on all claims.

## V.   PRAYER FOR RELIEF

Wherefore, Beldin requests that Defendants be cited to appear and answer, and that on final trial, Beldin have judgment against Defendants as follows:

a. Judgment against Defendants for actual damages, including lost wages, the sum to be determined at time of trial;

b. Judgment against Defendants for liquidated damages for the maximum amount allowed by law;

c. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violation of the FLSA;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e.  Costs of suit, including attorney's fees;

f.  The award of such other and further relief, both at law and in equity, to which Beldin may be justly entitled.

Respectfully submitted,

_____
Robert G. Lee
Texas Bar No. 00787888

**Heygood, Orr & Reyes, L.L.P.**
2301 E. Lamar, Suite 140
Arlington, TX 76006
Telephone: (817) 633-2802
Telecopier: (817) 633-3988

**ATTORNEY FOR PLAINTIFF**